HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK A. WALLMULLER,

           Plaintiff,

   v.

SCOTT RUSSELL, et al.,

           Defendants.

CASE NO. C14-5121 RBL-JRC

ORDER GRANTING
DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS

THIS MATTER is before the Court on Defendants' motion for judgment on the

pleadings. Plaintiff Wallmuller is proceeding *pro se*, and alleges state and federal constitutional

violations under 42 U.S.C. § 1983 arising from an encounter with a corrections officer (C/O) and

a subsequent disciplinary hearing. Wallmuller sued three Defendants: WCC Superintendent Scott

Russell, Associate Superintendent Debora J. Wofford, and C/O Patricia Flores. He seeks

declaratory and injunctive relief and damages for the alleged infringement of his free speech, due

process, and equal protection rights under the United States and Washington constitutions.

## I.      Background

Wallmuller is a prisoner incarcerated at the Washington Corrections Center in Shelton,

Washington. In September 2012, Wallmuller was scheduled to access legal materials in the

WCC education building. He was permitted to sit at a desk next to the corrections officer's work station. According to an Initial Serious Infraction Report filed by C/O Flores, Wallmuller repeatedly refused her requests that he cease telling other inmates that they could obtain free items by suing the officers. When C/O Flores threatened to send him back to his Unit, Wallmuller told her several times that if she tried to send him back, he would sue her and she would be done. He was charged with serious infractions of refusing a direct order by a staff member and for intimidation. Wallmuller testified at a subsequent disciplinary hearing. The hearing officer, Tony Dunnington (who is not a defendant), determined that he was guilty of both infractions. Dunnington ordered 20 days of segregation and 30 days loss of good conduct time credits. Wallmuller alleged bias on the part of Dunnington and appealed the result. Defendant Debora J. Wofford, Associate Superintendant, affirmed his guilt and the sanctions.

Wallmuller filed suit in Mason County Superior Court in November 2013. He denies threatening to sue C/O Flores, but asserts that such "hypothetical" statements would amount to constitutionally-protected free speech. He also alleges due process violations arising from the disciplinary procedural process, as well as infringement upon his equal protection rights. Defendants removed the case to this Court. Defendants request judgment on the pleadings on several bases, including most persuasively that Wallmuller has failed to allege Defendants' personal participation in the alleged violations and the favorable termination doctrine bars his claims. Defendants also note that Wallmuller lacks standing to seek relief on his claims, that the claims are without merit, and even if they were meritorious, Defendants are entitled to qualified immunity. Wallmuller did not respond to the motion.

1

## II.     Discussion

2 **A.     Applicable Legal Standards**

3        The standard applicable to a 12(c) motion for judgment on the pleadings mirrors that of a

4 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896

5 F.2d 1542, 1550.  Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable

6 legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

7 *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege

8 facts to state a claim for relief that is plausible on its face.  *See Aschcroft v. Iqbal*, 129 S. Ct.

9 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads

10 factual content that allows the court to draw the reasonable inference that the defendant is liable

11 for the misconduct alleged."  *Id*.  Although the Court must accept as true the Complaint's well-

12 pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c)

13 motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*

14 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds'

15 of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

16 recitation of the elements of a cause of action will not do.  Factual allegations must be enough to

17 raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

18 (2007) (citations and footnotes omitted).  This requires a plaintiff to plead "more than an

19 unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Iqbal*, 129 S. Ct. at 1949 (citing

20 *Twombly*).

21 **B.     Analysis**

22        Courts should liberally construe the inexpert pleadings of *pro* se plaintiffs, particularly

23 when they allege civil rights violations.  *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Yet a liberal

24

ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS - 3

1    construction here does not remedy the palpable deficiencies in Wallmuller's complaint.

2           Claims under 42 U.S.C. § 1983 may only be brought against individuals who personally

3    contribute to occasioning the violation. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

4    Wallmuller must plead facts that demonstrate a causal link between the actions of specified

5    defendants and the alleged harm. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  In his

6    complaint, Wallmuller has failed to allege personal participation on the part of Defendants

7    Wofford and Russell. As to Defendant Wofford, he simply notes that she affirmed the result of

8    the disciplinary hearing – a lawful action. He only mentions Defendant Russell's name in the

9    "Defendants" section of the complaint and makes no allegations as to his liability. For these

10   reasons, the claims against Wofford and Russell are dismissed.

11          Wallmuller has also failed to allege that Defendant Flores played a role in the due process

12   and equal protection claims.  His due process claim hinges solely on accusations that the

13   disciplinary hearing officer and non-Defendant Dunnington harbors prejudice and bias against

14   him, without mention of Flores. There is also no discussion of her role in denying him equal

15   protection. These claims against Flores are dismissed.

16          Furthermore, Wallmuller's claim for damages is barred by the favorable termination

17   doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and extended in *Edwards v.*

18   *Balisok*, 520 U.S. 641 (1997). These cases hold that a state prisoner's claim for damages under

19   42 U.S.C. § 1983 is not viable if a judgment in plaintiff's favor would "necessarily imply the

20   invalidity of the conviction or sentence" —— including any disciplinary action that affects the

21   length of the prisoner's confinement  —— absent a previous showing that the confinement was

22   actually invalid. *Id.* at 648; *Heck*, 512 U.S. 477 at 487. A plaintiff may establish invalidity by

23   demonstrating that the conviction was reversed on appeal, eliminated by executive order,

24

1   declared invalid by a state tribunal, or challenged by issuance of a writ of habeas corpus. *Heck*,

2   512 U.S. at 486-487. As such, Wallmuller's claims under § 1983 are not cognizable unless he

3   can reveal through these means a prior determination that the revocation of good-time credits

4   was invalid.

5       Wallmuller also lacks standing to seek declaratory judgment or injunctive relief on most

6   of his claims.  He denies ever making the statements that he cites as protected speech, and thus

7   renders his complaint devoid of any actual free speech injury warranting declaratory judgment.

8   His failure to factually substantiate any basis for an equal protection claim also precludes a

9   declaratory judgment. Wallmuller lacks standing to seek injunctive relief for these claims

10  because he has not alluded to any future intent to make the protected statements, and does not

11  indicate how an injunction might prohibit alleged due process or equal protection violations in

12  future disciplinary hearings.

13      Furthermore, even if Wallmuller retains some right of action against the named

14  Defendants, they are entitled to qualified immunity. Qualified immunity "shields an officer from

15  suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends

16  the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198

17  (2004).  Qualified immunity protects officers not just from liability, but from suit: "it is

18  effectively lost if a case is erroneously permitted to go to trial," and thus, the claim should be

19  resolved "at the earliest possible stage in litigation." *Anderson v. Creighton*, 483 U.S. 635, 640

20  n.2 (1987).  The Supreme Court has endorsed a two-part test to resolve claims of qualified

21  immunity: a court must decided (1) whether the facts that a plaintiff has alleged "make out a

22  violation of a constitutional right," and (2) whether the "right at issue was 'clearly established' at

23  the time of defendant's alleged misconduct." *Pearson v. Callahan*, 553 U.S. 223, 232 (2009).

24

1    The facts as pled by Wallmuller do not plausibly demonstrate a violation of his free

2    speech, due process, or equal protection rights, nor link Defendants' actions to any such

3    violations. Even if such violations did occur, there is no reason to believe that Defendants acted

4    unreasonably in light of existing law because there is no clearly established right for prisoners to

5    use coercive threats against corrections authorities. For this additional reason, Wallmuller's

6    claims are dismissed.

7    Finally, Wallmuller's complaint simply does not contain the factual substance necessary

8    for him to prevail on his claims. He denies engaging in the conduct he deems protected by the

9    free speech provision of the First Amendment, precluding any possible constitutional injury

10   under this provision.

11   Wallmuller also seeks injunctive relief for claimed due process violations allegedly

12   inconsistent with the holding of *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). *Wolff* establishes

13   the minimal due process protections that must be afforded to prisoners facing discipline, which

14   include (1) written notice of charges against them at least 24 hours prior to the hearing, (2)

15   opportunity to call witnesses and supply documentary evidence in their defense, and (3) a written

16   statement of the reasoning behind the officer's findings and the evidence relied upon. *Wolff*, 418

17   U.S. at 563-566. Wallmuller's due process claim has no merit because his filings disclose signed

18   documentary evidence that the disciplinary procedures conformed to the *Wolff* requirements. In

19   regards to Wallmuller's equal protection claim under the Fourteenth Amendment, his complaint

20   is entirely devoid of any assertion that he is a member of a protected class, or that he was treated

21   differently than other similarly-situated individuals. For these reasons, Wallmuller's federal

22   constitutional claims are without merit.

23

24

ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS - 6

1 **C.      Supplemental Jurisdiction**

2       Wallmuller also claims that Defendants violated Article I, § 5 of the Washington State

3 Constitution (the free speech clause). The Court has supplemental jurisdiction over this state law

4 claim under 28 U.S.C. § 1367 because it is "so related to claims in the action within such original

5 jurisdiction that [it] [forms] part of the same case or controversy under Article III of the United

6 States Constitution." Since Wallmuller denies making the protected statements, he has no

7 grounds for damages or declaratory or injunctive relief under the state constitution's free speech

8 provision.

9       For the foregoing reasons, Defendants' motion for judgment on the pleadings is

10 **GRANTED** and Wallmuller's claims are dismissed.

11

12       Dated this 3rd day of June, 2014.

13

14 _____
   RONALD B. LEIGHTON

15   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24